UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH GEORGE WOLFE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:16-cv-00471-WTL-MJD |
| COMMISSIONER INDIANA DEPARTMENT OF CORRECTION, et al, | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Kenneth Wolfe, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that since he has been confined at that facility, he has received constitutionally inadequate medical care, has been denied the right to participate in religious services, and his right to access the courts has been denied. Wolfe's complaint will be screened, certain claims will be dismissed, some claims will proceed in this action, and other claims will be severed into separate lawsuits.

**I. Screening of the Complaint**

Because Wolfe is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). In other words, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). Pro se complaints such as that filed by Wolfe, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Claims that are Dismissed

Based on the screening, certain claims will be **dismissed.**

First, any claim brought against a defendant in his or her official capacity must be **dismissed**. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment).

Any claim against the Indiana Department of Correction must be **dismissed** because this entity is not subject to suit under § 1983. *See Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

Next, the claim that Wolfe was denied use of the restroom on several occasions which caused him to have accidents due to bowel and bladder medical conditions must be **dismissed** for failure to state a claim upon which relief can be granted. To establish an Eighth Amendment violation in this context, a prisoner must demonstrate "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 844 (1994). Wolfe's allegations here do not meet this threshold. *See Cunningham v. Eyman,* 17 Fed. Appx. 449, 454 (7th Cir. 2001) (inmate failed to establish an Eighth Amendment

claim where he alleged that he urinated and defecated on himself and was forced to remain in his soiled clothing for four to five hours because the officers refused to remove his restraints so he could use the toilet); *Key v. McKinney,* 176 F.3d 1083, 1086 (8th Cir. 1999) (prisoner who was restrained in handcuffs and shackles for 24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation); *Samu v. Stewart*, 1:10-CV-857, 2011 WL 4064289 (W.D. Mich. June 6, 2011) *report and recommendation adopted*, 1:10-CV-857, 2011 WL 4074781 (W.D. Mich. Sept. 13, 2011) (an isolated and relatively short delay in permitting a prisoner to use a restroom is not the sort of deprivation that implicates the Eighth Amendment).

Wolfe's claim that the defendants' actions resulted in a denial of his rights under the Fourteenth Amendment must be **dismissed.** As discussed below, Wolfe's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.") (plurality opinion of Rehnquist, C.J.) (internal quotations omitted). *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (Constitutional claims are to be addressed under the most applicable provision.)

In addition, any claim based on the asserted violation of the Indiana Constitution is **dismissed** because there is no private cause of action for damages under the Indiana Constitution

under circumstances such as alleged by Wolfe. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *Estate of O'Bryan v. Town of Sellersburg,* 2004 WL 1234215, *21 (S.D.Ind. May 20, 2004).

Any claim based on Wolfe's allegation that "the nurse would not deliver his medication" is dismissed because he does not specify the nurse who is personally responsible for this alleged conduct. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'")

Any claim against Corizon Medical, Inc., must be **dismissed** because a private corporation is not vicariously liable under 42 U.S.C. § 1983 for the alleged misdeeds of their employees, but only if the injury alleged is the result of a policy or practice. *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009). Wolfe makes no allegation of such a policy or practice.

The claims against Michael Mitcheff, Mandip Bartles, and Bruce Lemmon must be **dismissed.** Wolfe alleges that Mitcheff and Bartles were the Regional Medical Directors "who denied medical care" and that Lemmon is "the ruling authority of the Department who is aware of the abuses Corizon medical has done to Indiana prisoners." These claims are brought pursuant to the Eight Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Wolfe's claims against Mitcheff, Barles, and Lemmon are too vague to "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*,

536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). By not specifying the medical care at issue that was allegedly denied or the particular acts taken by these defendants that resulted in a denial of care, the allegations are insufficient to provide "fair notice" of the claim and its basis. *Erickson*, 551 U.S. at 93. In addition, the supervisory responsibility of these defendants is insufficient to hold them liable for the acts of others. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

The claim against Esther Hinton must be **dismissed** for comparable reasons. Wolfe alleges that Hinton "den[ied] Plaintiff of his constitutionally protected rights that knowingly caused Plaintiff the unnecessary and wanton infliction of pain and suffering." These allegations do not provide sufficient factual background to allow the court to infer any right to relief against Hinton for violation of the Eighth Amendment. *See Windy City*, 536 F.3d at 668.

Similarly, the claims against Dr. Michael Person and R. Robinson must be **dismissed**. The only specific allegation of conduct by Dr. Person in the complaint is that Dr. Person ordered that Wolfe be transported in a wheelchair van. This allegation does not suggest any violation by Dr. Person of Wolfe's rights. More generally, Wolfe also asserts that Dr. Person and R. Robinson violated his rights by not investigating his serious medical needs and treating them adequately. Again, by not specifying the medical conditions at issue or the acts taken by these defendants, these allegations are insufficient to raise the right to relief against Dr. Person or R. Robinson above a speculative level or provide them with fair notice of the claims against them. For the same reasons, the claims against Mike Smith, Monica Gipson, and Tony Hobbs must be **dismissed**. Wolfe alleges that these defendants falsified his medical records to reflect less serious medical

issues. Again, these general allegations are too vague to raise Wolfe's right to relief above a speculative level or provide these defendants with fair notice of the claims against them.

### III. The Claims that Will Proceed

Wolfe also alleges that defendant Dr. Neil Martin failed to provide him adequate treatment for his chronic "disorders of functions of stomach," carpal tunnel syndrome, and cervical pain and lack of mobility complaints. He further alleges that Dr. Martin has denied him a necessary wheelchair since his arrival at Wabash Valley and prescribed him medication to which he knew he was allergic. With regard to his stomach problems, he further alleges that Kim Hobson altered his medical records which resulted in the denial of care. He also alleges that Dr. Ronald Leroy Young entered a fraudulent statement into his medical records regarding his neck pain which resulted in the denial of adequate care for his pain.

These claims **shall proceed** as claims that Dr. Martin, Nurse Hobson, and Dr. Young were deliberately indifferent to Wolfe's serious medical needs in violation of his Eighth Amendment rights.

### IV. Severance of Improperly Joined Claims

In addition to the claims that will proceed in this lawsuit, Wolfe has asserted additional claims that may be viable, but are not properly joined with the claims described in Part III of this Entry.

In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." Rule 18 of the *Federal Rules of Civil Procedure* allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. Rule 20(a) allows defendants to be joined in one action if a right to relief is asserted against them

jointly with respect to the same transaction or occurrence, and a question of law or fact common to all defendants will arise in the action.

The following claims do not contain sufficient common questions of fact and law to the claims that are proceeding to permit them to proceed in this case:

- Wolfe's claim that he was assaulted on February 10, 2016, and that defendants Dr. Naveen Rajoli and Nurse Hobson failed to provide him adequate medical care for his injuries and altered his medical records in an effort to deny him medical care and treatment;

- Wolfe's claim that Sergeant S. Robbins, Chaplain Walker, David Liebel, L.A. Van Natta, T. Littlejohn, and Assistant Superintendent F. Littlejohn all violated Wolfe's right to exercise his religion by confiscating his religious materials, refusing to allow him to meet for group worship and observe Jewish Holy Days, denying him the necessary required items for those Holy Days, and refusing him a kosher diet; and

- Wolfe's claim that mailroom supervisor Jeanne Watkins hindered Wolfe's efforts to pursue his legal claims by delaying his legal mail, refusing to send his legal mail because he was indigent, and altering a financial transaction document to illegally charge Wolfe for indigent legal mail.

Without reaching a conclusion as to the viability of these claims, the Court will sever these claims into separate lawsuits. **To effectuate this ruling, three new civil actions from the Terre Haute Division shall be opened, consistent with the following**:

    a.    Kenneth George Wolfe shall be the plaintiff in each of the newly opened actions.
    b.    The Nature of Suit in each of the newly opened actions shall be 555.
    c.    The Cause of Action of each of the newly opened actions shall be 42:1983pr.

     d.     The complaint in this action shall be filed and re-docketed as the complaint in each of the newly opened actions.

     e.     A copy of this Entry shall be docketed in the newly opened action.

     f.     This action and each of the newly-opened actions shall be shown with this action and with each other as linked actions.

     g.     The defendants in the first of the newly opened actions shall be Dr. Naveen Rajoli and Kim Hobson.

     h.     The defendants in the second of the newly opened actions shall Sergeant S. Robbins, Chaplain Walker, David Liebel, L.A. Van Natta, T. Littlejohn, and Assistant Superintendent F. Littlejohn.

     i.     The defendant in the third of the newly opened actions shall be Jeanne Watkins.

     j.     The assignment of judicial officers shall be by random draw

## V. Further Proceedings

In summary, the claims that will **proceed** in this action are Wolfe's claims that Dr. Neil Martin failed to provide him adequate treatment for his chronic "disorders of functions of stomach," carpal tunnel syndrome, and cervical pain and lack of mobility complaints; that Dr. Martin denied him a necessary wheelchair; that Dr. Martin prescribed him medication to which he knew he was allergic; that Kim Hobson altered his medical records related to these issues which resulted in the denial of care; and that Dr. Ronald Leroy Young entered a fraudulent statement into his medical records regarding his neck pain which resulted in the denial of adequate care for his pain. These claims **shall proceed** as claims that Dr. Martin, Nurse Hobson, and Dr. Young were deliberately indifferent to Wolfe's serious medical needs in violation of his Eighth Amendment rights.

All other claims are **dismissed** and all other defendants shall be **terminated** as defendants in this action.

**Three new civil actions will be opened** in the Terre Haute Division as provided in Part IV. of this Entry.

## VI. Service

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Neil Martin, Kim Hobson, and Ronald Leroy Young in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/9/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Dr. Neil Martin
EMPLOYEE
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Kim Hobson, R.N., H.S.A.
EMPLOYEE
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Dr. Ronald Leroy Young
Goodman Campbell Brain and Spine
355 W. 16th St. Ste 5100
Indianapolis, IN 46202