UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KENNETH GEORGE WOLFE,            )
                                 )
            Plaintiff,            )
                                 )
        vs.                      )   No. 2:16-cv-00471-WTL-MJD
                                 )
KIM HOBSON, et al,               )
                                 )
            Defendants.           )
                                 )

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff Kenneth Wolfe, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that since he has been confined at that facility, he has received constitutionally inadequate medical care in violation of his Eighth Amendment rights. Wolfe has filed an Amended Complaint.

**I. Screening of the Complaint**

Because Wolfe is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). In other words, a complaint must provide a "short and plain statement of the claim

showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). Pro se complaints such as that filed by Wolfe, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Amended Complaint

Wolfe alleges in the Amended Complaint that he suffers from gastrointestinal issues, including Gastroesophageal Reflux Disease, Irritable Bowel Syndrome, and a hiatal hernia. He further alleges that he suffers from spinal issues including sciatica. Finally, he states that he suffers from carpal tunnel syndrome. He alleges that he has been denied constitutionally adequate medical care for each of these conditions and he sues a number of defendants for their alleged roles in his medical care.

Based on the screening discussed above, any claim against the Indiana Department of Correction must be **dismissed** because this entity is not subject to suit under § 1983. *See Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

The following claims will **proceed as claims for deliberate indifference to Wolfe's serious medical needs**:

The claim that Doctors Martin and Byrd have denied him diagnostic testing and appropriate treatment and medication for his gastrointestinal issues;

The claim that Dr. Martin denied him needed pain medication, denied him treatment for his carpal tunnel syndrome, including surgery, and denied him a necessary wheelchair;

The claim that Corizon, L.A. Van Natta, Esther Hinton, Monica Gibson, Doctors Martin and Byrd, Nurse Hobson, and Grievance Specialist Teresa Littlejohn have all knowingly relied on false medical records to deny him medical care for his painful spinal condition;

The claim that Dr. Martin, Nurse Hobson, Teresa Littlejohn, Esther Hinton, Monica Gibson, and L.A. VanNatta provided him medication to which he is allergic; and

The claim that Corizon and Wexford maintain a policy of refusing needed medications to inmates and telling them to buy the medication off of commissary and that this policy has contributed to his injuries.

If Wolfe believes he has raised a claim not identified in this Entry, he shall have **through September 15, 2017**, to notify the Court.

### III. Further Proceedings

Defendants Hobson and Martin have already appeared. They shall have **fourteen days** to file an Answer to the Amended Complaint. The **clerk shall** terminate the Department of Corrections as a defendant and add Corizon Medical Inc., L.A. VanNatta, Esther Hinton, and Teresa Littlejohn as defendants. The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Corizon, Wexford, L.A. VanNatta, Monica Gibson, Esther Hinton, Ronald LeRoy Young, Samuel Byrd, and Teresa Littlejohn in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt 26), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 8/28/17

Distribution:

Corizon Medical, Inc.
105 Westpark Dr. Ste 200
Brentwood, TN 37027

Wexford Health Sources, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

Wexford Health Sources, Inc.
c/o Corporation Service Company
150 W. Market Street, Suite 800
Indianapolis, IN 46204

Monica Gibson
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Esther Hinton
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Ronald LeRoy Young
3736 S 4th Str.
Terre Haute, IN 47802

Samuel Byrd
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Electronic Service to the Following Employees of the Indiana Department of Correction:

L.A. VanNatta
Teresa Littlejohn