UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KENNETH GEORGE WOLFE, )
)
Plaintiff, )
)
vs. ) No. 2:16-cv-00471-WTL-MJD
)
KIM HOBSON, et al, )
)
Defendants. )
)

**Entry Discussing Second Amended Complaint and Directing Further Proceedings**

Plaintiff Kenneth Wolfe, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that since he has been confined at that facility, he has received constitutionally inadequate medical care in violation of his Eighth Amendment rights. Wolfe has filed a notice of misfiling and request to replace complaint with a proper draft. That motion, Dkt. No. 56, is treated as a motion to file a Second Amended Complaint and, as so treated, is **granted**. The **clerk shall re-docket** the proposed Amended Complaint, (Dkt. No. 56 pgs. 7-24) as the Second Amended Complaint.[1]

**I. Screening of the Second Amended Complaint**

Because Wolfe is a "prisoner" as defined by 28 U.S.C. § 1915(h), the Second Amended Complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To

---

[1] Also attached to the notice of misfiling is a motion for preliminary injunction. It is unclear whether Wolfe intended also to replace his previously-filed motion for a preliminary injunction, which is in the process of being briefed.

survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). In other words, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). Pro se complaints such as that filed by Wolfe, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Second Amended Complaint

Wolfe alleges in the Second Amended Complaint that he suffers from gastrointestinal issues, including Gastroesophageal Reflux Disease, Irritable Bowel Syndrome, and a hiatal hernia. He further alleges that he suffers from spinal issues including sciatica. Finally, he states that he suffers from carpal tunnel syndrome. He alleges that he has been denied constitutionally adequate medical care for each of these conditions and he sues a number of defendants for their alleged roles in his medical care.

Based on the screening discussed above, any claim against the Indiana Department of Correction must be **dismissed** because this entity is not subject to suit under § 1983. *See Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983).

The following claims will **proceed as claims for deliberate indifference to Wolfe's serious medical needs**:

The claim that Doctors Martin and Byrd have denied him diagnostic testing and appropriate treatment and medication for his gastrointestinal issues;

The claim that Dr. Martin denied him needed pain medication, denied him treatment for his carpal tunnel syndrome, including surgery, and denied him a necessary wheelchair;

The claim that Corizon, L.A. Van Natta, Esther Hinton, Monica Gibson, Doctors Martin and Byrd, Nurse Hobson, and Grievance Specialist Teresa Littlejohn have all knowingly relied on false medical records to deny him medical care for his painful spinal condition;

The claim that Dr. Martin, Dr. Byrd, and Nurse Hobson ignore his chronic care issues, including COPD, hiatial hernia, cervical spondylosis, carpal tunnel syndrome, osteoarthritis, and a torn rotator cuff, by ceasing to identify them as chronic;

The claim that Dr. Martin, Nurse Hobson, Teresa Littlejohn, Esther Hinton, Monica Gibson, and L.A. VanNatta provided him medication to which he is allergic;

The claim that Dr. Ronald Young told him incorrectly that he suffers from mild arthritis in his neck and recorded this statement in his medical records; and

The claim that Corizon and Wexford maintain a policy of refusing needed medications to inmates and telling them to buy the medication off of commissary and that this policy has contributed to his injuries.

Wolfe's claim that Dr. Martin denied him pain medication, denied him surgery, and confiscated his wheelchair because he filed grievances and filed a civil lawsuit **shall also proceed** as a claim that Dr. Martin retaliated against Wolfe in violation of his First Amendment rights.

## III. Further Proceedings

All of the defendants have appeared. They shall have **fourteen days** to answer the Second Amended Complaint.

**IT IS SO ORDERED.**

Date: 10/24/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Allyson E. Emley
HOOVER HULL TURNER LLP
aemley@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

John David Hoover
HOOVER HULL TURNER LLP
jdhoover@hooverhullturner.com

Benjamin J Legge
INDIANA ATTORNEY GENERAL
benjamin.legge@atg.in.gov