UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENNETH GEORGE WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-00471-WTL-MJD |
| | ) | |
| KIM HOBSON, et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Discussing Motion for Preliminary Injunction and Preliminary Restraining Order**

Plaintiff Kenneth Wolfe brought this action pursuant to alleging that since he has been confined at that facility, he has received constitutionally inadequate medical care in violation of his Eighth Amendment rights. He seeks a preliminary injunction in the form of an order directing that he be provided particular medical exams and treatment. For the foregoing reasons, the motion for preliminary injunction and temporary restraining order, Dkt. No. 29, is **denied**.

**Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a party must establish [1] that it is likely to succeed on the merits, [2] that it is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in its favor, and [4] that issuing an injunction is in the public interest." *Grace Schools v. Burwell*, 801 F.3d 788, 795 (7th Cir. 2015); *see Winter*, 555 U.S. at 20. "The court weighs the balance of potential harms on a

'sliding scale' against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015). "The sliding scale approach is not mathematical in nature, rather it is more properly characterized as subjective and intuitive, one which permits district courts to weigh the competing considerations and mold appropriate relief." *Stuller, Inc. v. Steak N Shake Enterprises, Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (citation and internal quotation marks omitted). "Stated another way, the district court 'sit[s] as would a chancellor in equity' and weighs all the factors, 'seeking at all times to minimize the costs of being mistaken.'" *Id.* (quoting *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 12 (7th Cir. 1992)).

## Discussion

Wolfe alleges that he has "repeated reported his debilitating physical injuries to Defendants in administrative grievances and appeals, putting Defendants on notice of the serious harm caused. Nevertheless, as a result of Defendant's deliberate indifference, Plaintiff continues to face a substantial further risk of serious physical harm." Dkt. 30, pg. 3. He seeks a physical examination, MRI, wheelchair, and Methadone for cervical neuralgia, sciatica, and minor osteoarthritis in his knee, and other chronic issues. Defendants Kimberly Hobson and Dr. Neil Martin have responded by providing Wolfe's medical records and arguing that he has been monitored and treated appropriately for his ongoing conditions. Defendants Drs. Martin and Young also argue his claims for injunctive relief against them are moot because they are no longer responsible for his medical care. Nurse Hobson further argues that the claims against her are based on isolated incidents that took place two years ago and therefore cannot form the basis of equitable relief against her.

*Claims that are Moot*

Because they no longer provide medical care to Wolfe, he is not entitled to equitable relief against Drs. Martin and Young. *See Martin v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990) (holding that because enjoining defendants' action against the prisoner would have no effect, the prisoner's equitable claims against defendants were moot).

*Claims against Nurse Hobson*

Nurse Hobson points out that Wolfe's claims against her are based on contention that she ignored his allergy to a particular medication in 2015. He does not claim that she is currently providing that medication or that he is having any current allergic reactions. He is therefore not entitled to injunctive against her. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)(holding that past exposure to illegal conduct is not sufficient for injunctive relief if "unaccompanied by continuing, present adverse effects.")(quotations omitted).

*Remaining Claims for Injunctive Relief*

Defendants Martin and Hobson also argue that Wolfe has not demonstrated that he has a likelihood of success on the merits of any of his claims. Wolfe's claims are brought under the Eighth Amendment. To prevail on an Eighth Amendment deliberate indifference medical claim, Wolfe must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendants knew about his condition and the substantial risk of harm it posed, but disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 8374 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014); *Arnett v. Webster,* 658 F.3d 742, 750-51 (7th Cir. 2011). Wolfe alleges generally that he "continues to face a substantial further risk of serious physical harm." Martin and Hobson argue that he is being examined and treated for his conditions. They have submitted evidence that he has a wheelchair to go to the law

library and is also able to walk with a cane. He is being provided medications for his pain and for his gastrointestinal problems.

Wolfe's generalized statements that he is not receiving proper medical care are not enough to meet his burden of establishing that he has a likelihood of success on the merits of his claims. The same is true of his general statement that the potential harm to him outweighs any harm to the defendants or that the public interest will be served by granting the request for injunctive relief. Wolfe therefore has not demonstrated his entitlement to injunctive relief.

## Conclusion

For the foregoing reasons, Wolfe's motion for a preliminary injunction and temporary restraining order, Dkt. No. 29, is **denied**.

**IT IS SO ORDERED.**

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/13/17

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronically registered counsel