UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH GEORGE WOLFE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIM HOBSON, ) <br> RONALD LEROY YOUNG, ) <br> NEIL J. MARTIN, ) <br> WEXFORD HEALTH SOURCES, INC., ) <br> MONICA GIBSON, ) <br> SAMUEL J. BYRD, ) <br> CORIZON MEDICAL INC., ) <br> L.A. VANNATTA, ) <br> ESTHER HINTON, ) <br> TERESA LITTLEJOHN, ) <br> ) <br> Defendants. ) <br> ) | No. 2:16-cv-00471-JMS-MJD |
| KENNETH GEORGE WOLFE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACKIE L. WEST-DENNING, ) <br> RICHARD BROWN, ) <br> WEXFORD OF INDIANA, LLC, ) <br> THOMAS S. WELLINGTON, ) <br> KIM HOBSON, ) <br> KEVIN GILMORE, ) <br> ) <br> Defendants. ) | No. 2:18-cv-00317-JMS-MJD |

**ORDER CONSOLIDATING CASES**

On September 12, 2018, the Court issued Orders to Show Cause in Cause No. 2:16-cv-00471-JMS-MJD [Dkt. 183] and Cause No. 2:18-cv-00317-JMS-MJD [Dkt. 37] ordering the

parties to "show cause why these actions should not be consolidated pursuant to Rule 42(a)." The Court has reviewed the parties' responses to the Orders to Show Cause and hereby **CONSOLIDATES** the two cases.

## I. Background

A. *Wolfe v. Commissioner, et al*, Case No. 2:16-cv-00471-JMS-MJD

On December 22, 2016, Plaintiff, an inmate at Wabash Valley Correctional Facility, filed his claims against Defendants Hobson, Young, Martin, Gibson, Corizon Medical Inc., Vannatta, Hinton, and Littlejohn. [Dkt. 1.] Defendants Wexford Heath Sources, Inc. and Byrd were added later in Plaintiff's Amended Complaint filed on August 18, 2017. [Dkt. 26; Dkt. 32.] Plaintiff asserted Defendants engaged in deliberate indifference to Plaintiff's medical needs including his Gastroesophageal Reflux Disease (GERD), Irritable Bowel Syndrome (IBS), hiatal hernia, spinal issues and sciatica, and carpal tunnel syndrome. [Dkt. 32 at 2.] Additionally, Plaintiff alleges he was denied a necessary wheelchair. [Dkt. 32 at 2.] Pursuant to Local Rule 87, Orders of Recruitment of Counsel were issued on July 17, 2018 [Dkt. 170] and September 5, 2018 [Dkt. 179] appointing Attorneys Bradley Dick and Sarah Thompson Parks to represent the Plaintiff until the case reaches final judgment.

In response to the Court's Order to Show Cause regarding consolidation of the Plaintiff's 2016 case with a second case filed by the Plaintiff, *Wolfe v. West-Denning, et al*, Cause No. 2:18-cv-00317-JMS-MJD, the Plaintiff made no objection. [Dkt. 190 at 1.] However, the "Plaintiff notes that the denial of a wheelchair is but one allegation regarding Eighth Amendment violations, and Plaintiff desires to preserve his right to litigate his other allegations if these causes are consolidated." [Dkt. 190 at 1.] State Defendants VanNatta, Gibson, Hinton, and Littlejohn also raised no opposition to case consolidation but requested an opportunity for the parties to amend the pleadings to note the consolidation. [Dkt. 190 at 1.] Defendants Byrd and Wexford of Indiana,

2

LLC raised the following issues regarding case consolidation in their Response: 1) different Defendants exist in each case; 2) discrepancies or differences exist between the cases; and 3) consolidation would create issues concerning discovery as the cases are in different stages of the litigation. [Dkt. 188 at 2-3.] Should the Court consolidate the cases, these Defendants, Byrd and Wexford of Indiana, LLC, ask the Court to "require the Plaintiff's counsel to file an amended complaint." [Dkt. 188 at 3.]

**B.**     *Wolfe v. West-Denning, et al*, **Case No. 2:18-cv-00317-JMS-MJD**

On July 13, 2018, Plaintiff, an inmate at Wabash Valley Correctional Facility, filed his claims *pro se*, against Defendants West-Denning, Brown, Wellington, Hobson, and Gilmore. [Dkt. 2.] Plaintiff asserted Defendants confiscated his wheelchair leaving him "unable to walk to the dining room[,]" forcing him "to go without three meals a day on some occasions," and unable to receive medication. [Dkt. 11 at 3.] Plaintiff also claims Defendants' actions "were taken in retaliation for his filing of another action [Case No. 2:16-cv-00471-JMS-MJD] in this Court." [Dkt. 11 at 3.] Plaintiff "acknowledges that he has similar claims" in this previous proceeding but has sued a number of different Defendants in his more recent case. [Dkt. 11 at 3.]

In response to the Court's Order to Show Cause regarding consolidation of the cases, the Plaintiff made no objection. [Dkt. 38 at 1.] Plaintiff stated in his Response that "there is much more involved in both cases than the use of a wheelchair . . . and Plaintiff does not want that single issue to be the only issue decided." [Dkt. 38 at 1.] State Defendants Brown, Gilmore, and Wellington also raised no opposition to case consolidation but requested an opportunity for the parties to amend the pleadings to note the consolidation. [Dkt. 40 at 1.] Defendants West-Denning and Hobson raised the following issues regarding case consolidation in their Response: 1) different Defendants exist in each case; 2) discrepancies or differences exist between the cases; and 3) consolidation would create issues concerning discovery as the cases are in different stages

3

of the litigation. [Dkt. 39 at 2-3.] Should the Court consolidate the cases, these Defendants, West-Denning and Hobson, ask the Court to "require the Plaintiff's counsel to file an amended complaint." [Dkt. 39 at 3.]

## II.     Legal Standard

Federal Rule of Civil Procedure 42(a) governs the Court's ability to order the consolidation of cases. "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court may order consolidation on its own initiative" absent motions from the parties. 9A Fed. Prac. & Proc. Civ. § 2383 (3d. ed.).

Consolidation itself serves "[t]he primary purpose . . . to promote convenience and judicial economy." *Miller v. Wolpoff & Ambramson, LLP*, No. 1:06-CV-207-TS, 2007 WL 2473431, at *2 (N.D. Ind. Aug. 28, 2007). This Court's workload dictates that every effort must be made to ensure the speedy and efficient administration of justice.[1] Federal Rule of Civil Procedure 42 operates as a "'managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" *Miller*, 2007 WL 2473431, at *2 (quoting 8 James W. Moore et al., Moore's Federal Practice § 42.10, at 42-8 (3rd ed. 2005)). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In turn, a district court's decision to consolidate cases is subject to review "only for an abuse of discretion." *Star Ins. Co. v. Risk Marketing Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009).

---

[1] In the 12-month period ending June 30, 2018, the weighted filings per judgeship in the Southern District of Indiana stood at 1009, first in the Seventh Circuit by a factor of two, and second in the nation. *See* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2018/06/30-3.

4

### III. Discussion

In its discussion the Court jointly addresses the identical arguments raised by Defendants Byrd, Wexford of Indiana, LLC [Dkt. 188], West-Denning, and Hobson [Dkt. 39] opposing the consolidation of these two cases.

### A. Different Defendants and Different Claims Exist

In *Defendants' Responses to Court Orders to Show Cause* [*See West-Denning* Dkt. 39; *Hobson* Dkt. 188], Defendants note differences in the parties. In the 2018 case, only Defendants West-Denning and Hobson are included as parties; Defendant Westford of Indiana, LLC "was screened out." [Dkt. 39 at 2.] In the 2016 case, Defendant Hobson, along with the addition of Defendants Byrd and Wexford of Indiana, LLC exist as parties. [Dkt. 188 at 2.] "As such, consolidation may cause confusion regarding the existing claims, given the conflicting opinions and allegations regarding Wexford of Indiana, LLC and the allegations that are different with Byrd and Denning." [Dkt. 39 at 2.]

While the Defendants' responses concede that "there is a common question of fact between both . . . cause[s] of action . . . as to whether the Plaintiff requires a wheelchair and whether the Defendants were deliberately indifferent to that need[,]" the issue of different allegations appearing in both claims is raised. [Dkt. 39 at 1; Dkt. 188 at 1.] The 2016 case incorporates "a number of medical conditions including GERD, Irritable Bowel Syndrome, hernia, and Carpel Tunnel Syndrome." [Dkt. 39 at 2; Dkt. 188 at 2.] Additionally, the Plaintiff contends both claims involve more than simply the use of a wheelchair. [Dkt. 38 at 1.]

"[I]t is the court's decision whether the common questions of law and fact indicate that sufficient judicial economy would be achieved by consolidation when balanced against any inconvenience, delay, or expense caused the parties by attending trial of some issues not shared by all." *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)

(granting consolidation of cases with different cause of action, facts, and parties) (quoting *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974); *see also Am. Photocopy Equip. Co. v. Fair, Inc.*, 35 F.R.D. 236 (N.D. Ill. 1963) (granting consolidation of two patent infringement cases brought by same plaintiff against different defendants). Further, Federal Rule Civil Procedure 42 need not require "that actions be identical before they may be consolidated." *In re Cendant Corp. Litig.*, 182 F.R.D. 476 (D. N.J. 1998). Moreover, the act of consolidation "cannot effect a merger of the actions or the defenses of the separate parties . . . [or] change the rights of the parties in separate suits." *Cole v. Schenley Indus., Inc.*, 563 F. 2d 35, 38 (2d Cir. 1977). "A court can in appropriate circumstances consolidate cases before it . . . whether or not the parties want the cases consolidated[.]" *Conn. Gen. Life Ins. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000).

The Court finds that these two cases involve the same Plaintiff and a common nucleus of his claim regarding the deprivation of use of a wheelchair; therefore, these findings are sufficient for consolidation for the purposes of judicial efficiency and pursuant to Federal Rule of Civil Procedure 42(a).

**B.     Different Stages of Litigation**

In *Defendants' Responses to Court Orders to Show Cause* [*See West-Denning* Dkt. 39; *Hobson* Dkt. 188], Defendants note differences in the stages of litigation of each case. Defendants' responses state in the 2016 case "there have already been significant amounts of discovery," including written exchange of discovery, the Plaintiff's deposition, and Plaintiff's appointment of counsel that have taken place. [Dkt. 39 at 2; Dkt. 188 at 2.] Defendants argue that in the 2018 case far less discovery has occurred. [Dkt. 39 at 2; Dkt. 188 at 2.]

"The fact that the cases may be in different stages does not bar consolidation." *Werner*, 797 F. Supp. at 1212; *see also Am. Airlines, Inc. v. Port of N.Y. Auth.*, 94 F.R.D. 672, 673

6

(S.D.N.Y. 1982) (citing 5 James W. Moore et al., Moore's Federal Practice § 42.02(3) (2d. 1982) ("different discovery stages is not fatal to the consolidation motion.")). Moreover, "the fact that discovery [in one action] has progressed further [than another] should not, standing alone, prevent consolidation and may, in fact, even favor it. Since the two actions share issues of law and fact, much of the discovery [for one case] should be applicable to the [other] action." *Internet Law Library, Inc. v. Southridge Capital Mgmt.*, 208 F.R.D. 59, 62 (S.D.N.Y. 2002).

The Court finds that, because Plaintiff was recently appointed counsel in his 2016 case pursuant to Local Rule 87, the Court had already recognized that the case schedule would need to be revised to allow Plaintiff's appointed counsel time to conduct discovery. [2:16-cv-471 Dkt. 174.] Accordingly, the litigation stages of the two cases are closely aligned. The Court finds the differences Defendants raised concerning discovery stages between the two cases are not enough to prohibit case consolidation.

### IV.     Conclusion

Accordingly, the Court hereby **CONSOLIDATES** the two cases and orders as follows:

1. The Clerk shall consolidate Cause No. 2:16-cv-00471 **into** Cause No. 2:18-cv-00317 and **close** Cause No. 2:16-cv-00471.[2] No final judgment will issue in Cause No. 2:16-cv-00471.

2. The new consolidated caption and cause number shall be as follows:

---

[2] Plaintiff's Motion for Stay [Dkt. 189 in 2:16-cv-00471] is **DENIED**. The Court will schedule an initial pretrial conference, by separate order, to establish case deadlines in the consolidated case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENNETH GEORGE WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00317-JMS-MJD |
| | ) |
| JACKIE L. WEST-DENNING, | ) |
| RICHARD BROWN, | ) |
| WEXFORD OF INDIANA, LLC, | ) |
| THOMAS S. WELLINGTON, | ) |
| KEVIN GILMORE, | ) |
| KIM HOBSON, | ) |
| RONALD LEROY YOUNG, | ) |
| NEIL J. MARTIN, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MONICA GIBSON, | ) |
| SAMUEL J. BYRD, | ) |
| CORIZON MEDICAL INC., | ) |
| L.A. VANNATTA, | ) |
| ESTHER HINTON, | ) |
| TERESA LITTLEJOHN, | ) |
| | ) |
| Defendants. | ) |

3. All future filings shall bear the new consolidated caption and cause number.

4. Attorneys Bradley M. Dick and Sarah Thompson Parks were previously appointed by the Court as Recruited Counsel to represent Plaintiff until final judgment would be entered in Cause No. 2:16-cv-00471. The Orders of Recruitment of Counsel in Cause No. 2:16-cv-00471 [Dkts. 170 & 179] are deemed filed and approved in Cause No. 2:18-cv-00317, and this representation shall remain effective until final judgment is entered under Cause No. 2:18-cv-00317.[3]

---

[3] In light of this order, Plaintiff's Motion for Assistance with Recruiting Counsel [Dkt. 43 in 2:18-cv-317] is **DENIED AS MOOT**.

For the utmost clarity in this case consolidation, the Court hereby orders Plaintiff's counsel to file an amended complaint on or before **December 7, 2018** setting forth each of the Plaintiff's claims against each defendant.[4] Defendants shall respond to the Amended Complaint on or before **December 17, 2018**.

SO ORDERED.

Dated: 26 NOV 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[4] In light of this order, Plaintiff's Motion to Amend Complaint to Add Additional Defendants [Dkt. 24 in 2:18-cv-317] is **DENIED AS MOOT**.

Distribution:

KENNETH GEORGE WOLFE
863575
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Bradley M. Dick
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
bdick@boselaw.com

Allyson E. Emley
HOOVER HULL TURNER LLP
aemley@hooverhullturner.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

John David Hoover
HOOVER HULL TURNER LLP
jdhoover@hooverhullturner.com

Adriana Katzen
BLEEKE DILLON CRANDALL ATTORNEYS
adriana@bleekedilloncrandall.com

Benjamin J Legge
INDIANA ATTORNEY GENERAL
benjamin.legge@atg.in.gov

Sarah Thompson Parks
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
sthompson@boselaw.com